IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| WILLIAM W. BURGESS, JR., | ) | |
| Register No. 526336, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-4111-CV-C-SOW |
| | ) | |
| DAVE DORMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Defendants have filed a motion for sanctions, citing plaintiff's refusal to participate in his deposition, in violation of the orders of the court. Plaintiff has filed a response.

Upon review, the court finds that plaintiff refused to participate in his deposition, in violation of the order of this court. Plaintiff's response that he refused to answer any questions because there were two nondefendant corrections officers present in the room, fails to allege a sufficient basis for violating the order of this court. Plaintiff is a prisoner in a maximum security penal institution; therefore, it is not unreasonable for defense counsel to request, for security concerns, nondefendant Department of Corrections officers to be present for plaintiff's deposition. Moreover, the court notes that plaintiff has a significant and consistent history of conduct violations while incarcerated, and has a criminal conviction for violence on a corrections officer, thus heightening security concerns for defense counsel.

Based upon plaintiff's failure to participate in his deposition, this court recommends sanctions against plaintiff. Plaintiff was warned at the time of his deposition that his refusal

to participate in his deposition could result in dismissal of his lawsuit. Despite such notice, plaintiff continued to refuse to respond to any of the questions of defense counsel.

Although plaintiff is a pro se prisoner, he still must comply with the discovery orders of this court. Therefore, the court finds plaintiff's failure to participate in his deposition, in violation of the order of the court, should result in sanctions being imposed against him, pursuant to Fed. R. Civ. P. 41(b). Pursuant to such sanctions, plaintiff's claims should be dismissed, with exception of his claim regarding denial of medical treatment. Plaintiff's claim of denial of high blood pressure medication for what he alleges is a serious medical condition (hypertension and epinephrine) will be allowed to continue, but none of his other claims are life threatening and, therefore, should be dismissed.

Plaintiff will be granted thirty days to specify to the court, in writing, which of the current defendants in this suit he alleges are denying him medication for his serious medical condition.

Upon review, the court finds plaintiff's countermotion for sanctions and protective order against defendants to be unpersuasive for the reasons set forth above. Moreover, plaintiff's allegations of denial of discovery are unfounded and premature. Plaintiff continues to file motions to compel with the court without conferring with defense counsel as to objections made to his interrogatories or document requests. Additionally, the court notes that discovery is not closed in this case. Plaintiff's countermotion for sanctions and protective order should be denied.

In light of this court's recommendation, defendants' motion to stay discovery is granted and all further outstanding motions in this case should be denied, without prejudice.

IT IS, THEREFORE, ORDERED that discovery and the deadline for filing dispositive motions in this case are stayed until such time as the Honorable Scott O. Wright enters a final order on sanctions [132]. It is further

ORDERED that within thirty days, plaintiff specify which of the current defendants in this suit he alleges are denying him his required medication for his serious medical condition. It is further

RECOMMENDED that defendants' motion for sanctions be granted and plaintiff's claims, with exception of his claims of denial of medication for his serious medical

condition, be dismissed for failure to comply with court orders, pursuant to Fed. R. Civ. P. 41(b) [131].  It is further

RECOMMENDED that plaintiff's countermotion for sanctions and protective order be denied [135].  It is further

RECOMMENDED that all remaining motions be denied, without prejudice [39, 58, 84, 86, 87, 102, 107, 112, 121, 122, 124, 131, 140].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  If additional time is needed, a motion for an extension of time must be filed within twenty days.  The motion should state the reasons for the request.  *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983).  Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 12th day of December, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3