## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

WILLIAM W. BURGESS, JR.,                    )
Register No. 526336,                        )
                                            )
                    Plaintiff,              )
                                            )
            v.                              )        No. 05-4111-CV-C-SOW
                                            )
DAVE DORMIRE, et al.,                       )
                                            )
                    Defendants.             )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the
Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28
U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for
processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On February 21, 2006, a telephone conference was held with defense counsel and
plaintiff regarding plaintiff's motion for a temporary restraining order and emergency
intervention as to claims that he was not receiving his medications. Pursuant to the discussion at
the conference, defendants were ordered to supply the court with information regarding the
administration of plaintiff's medications. Defendants filed a response to the court order on
March 1, 2006, and plaintiff, in response, filed a motion to amend his complaint, several notices
of filings, and a new motion for a temporary restraining order.

Upon review of the filings, it appears that plaintiff is refusing his medications, at least
part of the time. Plaintiff states in his filings that he "does sporadically refuse his medications
for he has a right to do so . . . ." (Doc. 174, Plaintiff's Objection in Response to Defendants
Providing Medical Information.) Plaintiff further states he "mainly refuses his medicines when
the nurses refuse to give his medicine at the proper time or when staff and the nurses are creating
problems with the prisoners which is a regular activity." Id.

Although the federal courts have broad power to grant or deny equitable relief in a civil
rights action, Holt v. Sarver, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested

in the trial court" in determining whether an injunction should issue.  American Home Investment Co. v. Bedel, 525 F.2d 1022, 1023 (8th Cir. 1975), cited with approval in Rittmiller v. Blex Oil, Inc., 624 F.2d 857 (8th Cir. 1980).  See also Cole v. Benson, 760 F.2d 226 (8th Cir. 1985).  In Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

Id. at 113.  Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights."  Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B. & B. Corp., 409 F.2d 614, 618 (3d Cir. 1969)).  Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined."  Dataphase, 640 F.2d at 113.  The burden of proof is on the party seeking injunctive relief.  United States v. Dorgan, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994).

In the instant case, there is sufficient information indicating plaintiff has refused his medications on a somewhat regular basis, and therefore, preliminary injunctive relief as to alleged denial of those same medications is not warranted.  Plaintiff may, however, continue with such claims via the normally processing of this case.

Plaintiff's motion to amend his complaint to add numerous defendants is denied.  As previously set forth in the order of February 8, 2006, this court finds plaintiff's medical care to have been a part of plaintiff's complaint since it was filed almost a year ago on April 11, 2005; therefore, plaintiff's attempt to add defendants at this stage in the proceedings in not warranted under Fed. R. Civ. P. 15(a).  Moreover, an order was entered on February 14, 2006, which granted defendants' motion for sanctions against plaintiff for failure to comply with court orders.

2

Pursuant to such sanctions, plaintiff's claims against all defendants, with exception of his claims against defendants Alta Slaughter, Raydell Powell, Don Wall, Lloyd Silvey and Dave Dormire for denial of medication for his serious medical condition, were dismissed, pursuant to Fed. R. Civ. P. 41(b). Plaintiff was granted limited leave to proceed on his medical claims against relevant named defendants because of their nature, and adding new defendants or claims is not warranted. Therefore, for the reasons set forth above, plaintiff's motion to amend his claims is denied, without prejudice.

Plaintiff's newest request for a temporary restraining order alleges his legal mail is being improperly opened by corrections personnel. Plaintiff specifically alleges that corrections personnel have brought his legal mail to his cell and opened it in his presence, stating to plaintiff that such action is proper. Defendants have filed a response, citing Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981). Defendants argue that only privileged mail is protected from inspection, and that even privileged mail may be opened for inspection for contraband if done in the presence of the prisoner.

"Privileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner." Jensen v. Klecker, 648 F.2d 1179, 1182-83 (8th Cir. 1981) (citing Wolf v. McDonnell, 418 U.S. 539, 576-77 (1974)). Plaintiff's examples of legal mail from the courts and opposing counsel do not come within the parameters of mail that is protected by the attorney-client privilege. Id. The mere fact that a letter comes from a legal source is insufficient to indicate that it is confidential and requires special treatment. Harrod v. Halford, 773 F.2d 234 (8th Cir. 1985). Plaintiff's filings with the court and any court orders or recommendations entered in his case(s) are a matter of public record. Moreover, as set forth in Jensen v. Klecker, 648 F.2d at 1182-83, even if the mail at issue was privileged, opening of such mail by corrections personnel for inspection for contraband is not improper if done in the presence of the plaintiff. Accordingly, plaintiff's motion for preliminary injunctive relief seeking to have corrections personnel enjoined from opening his legal mail should be denied.

On January 12, 2006, plaintiff filed a motion seeking declaratory judgment on his claims of denial of medications. Upon review, declaratory judgement is not proper. Mere allegations

3

by plaintiff of denial of medications, which defendants deny, is insufficient for issuance of a court order granting declaratory judgment in favor of plaintiff.

On January 27, 2006, plaintiff filed a motion for appointment of counsel. On May 18 and December 12, 2005, this court denied plaintiff's prior requests. A review of the record does not reveal a significant change in circumstances since that time. Accordingly, for the reasons previously set forth, plaintiff's motion will be denied.

IT IS, THEREFORE, ORDERED that plaintiff's motion of January 27, 2006, for appointment of counsel is denied, without prejudice [155]. It is further

ORDERED that plaintiff's motion to amend is denied, without prejudice [171]. It is further

RECOMMENDED that plaintiff's motion for declaratory judgment be denied [144]. It is further

RECOMMENDED that plaintiff's motions for temporary restraining orders as to denial of medication and opening of legal mail be denied [159, 160, 176, 179].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal. See L.R. 74.1.

Dated this 15th day of March, 2006, at Jefferson City, Missouri.

/s/ William A. Knox

WILLIAM A. KNOX
United States Magistrate Judge

4